## DE CAMP ET AL. *v.* ALWARD.

CORPORATION.—*Assignment of Property for Benefit of Creditors.*—A corporation, unless restrained by its charter or by general law, and therefore a manufacturing corporation of this State, by a majority of its board of directors, without the express authority or consent of its stockholders, may cease to do business and assign its property to a trustee, to be sold, the proceeds to be applied to the payment of the debts of the corporation, and the surplus, if any, to be divided *pro rata* among the stockhold-

De Camp *et al. v.* Alward.

ers.  Such action of a corporation will not constitute a surrender of its franchises as a corporation, or work its dissolution:

SAME.—The good faith of the directors in the passage of the resolution to make such an assignment and the necessity or expediency of the assignment are questions for the jury.

INSTRUCTIONS TO JURY.—When a court, in its instructions to a jury, has fully presented the questions involved in the cause on trial, giving them all the information necessary to a full understanding of the law of the case, it is not error to refuse to give other instructions asked by a party, though they be correct.

From the St. Joseph Circuit Court.

*W. H. Calkins*, for appellants.

*L. Hubbard*, for appellee.

DOWNEY, C. J.—The appellee sued Michael De Camp and Alma De Camp, alleging in his complaint the following facts, in substance: that, on the 19th day of May, 1871, Thebus M. Bissell, Michael De Camp and Andrew Anderson organized a corporation, known as the " T. M. Bissell & Co. Manufacturing Company," under the statute of the State then in force, at South Bend, Indiana; that the capital stock of the company was ten thousand dollars, divided into shares of fifty dollars each; that said Anderson subscribed for and holds two shares, T. M. Bissell subscribed for and holds ninety-nine shares, and said De Camp subscribed for ninety-nine shares; that, on the 28th day of July, 1871, Michael De Camp assigned ninety-eight shares of his stock to his wife, the said Alma E. De Camp, and she still owns the same, the said Michael still holding one share.  It is further alleged, that said Michael De Camp, Thebus M. Bissell and Andrew Anderson became and still are directors, said De Camp being president, said Bissell treasurer, and said Anderson secretary; that said capital stock has all been paid in; that said company did business until the 29th day of April, 1873; that said T. M. Bissell had made large advancements to the company, in money, for which the company was indebted to him; that dissentions and differences had arisen between said Bissell and De Camp, and said Bissell was unwilling to continue to make or keep up such advancements; that, on

the 29th day of April, 1873, said company was seized in fee simple of certain real estate, in South Bend, which is particularly described, with twenty-five shares of stock, and the right to use water-power in the South Bend Manufacturing Company, which land and water-power constituted the site for the works of said T. M. Bissell & Co. Manufacturing Company; that all of said land and said stock in the said South Bend Manufacturing Company was conveyed by said Alma E. De Camp and her said husband, May 23d, 1871, for the sum of eight thousand dollars; that on the said 29th day of April, 1873, said T. M. Bissell & Co. Manufacturing Company was also the owner and possessor of a large amount of machinery, tools, goods, wares and merchandise and chattels, which are specially described in a schedule attached to the complaint.

It is then averred, that, on the said 29th day of April, 1873, said company was indebted to T. M. Bissell, as such treasurer, on account, in the sum of eight thousand eight hundred and thirty-two dollars and eighty cents, and on that day executed its note to him for that amount; and a meeting of all the directors and stockholders of said company was duly called, according to the by-laws of said company, and at said meeting the stockholders, officers and directors of said company resolved that the business of the company should be discontinued, and that the property of the company should be conveyed to the plaintiff, as trustee, to be converted into cash by him, and that the plaintiff should, out of the proceeds of the sale of said property, pay his costs, charges and expenses, and all the debts and liabilities of the company, and divide the surplus, if any, *pro rata* among the several stockholders, and directed that the secretary of the company should execute to the plaintiff proper deeds of conveyance and assignments thereof; that, accordingly, on the 1st day of May, 1873, the secretary did assign on the books of the company all of its personal property to the plaintiff, and on the 8th of May, 1873, executed to him a deed of conveyance of the land; that, on the 13th day of May, 1873, said Michael

De Camp, acting for himself and his wife, was, and still is, in possession of said real and personal property, but only as president of said company, and has no other right thereto; that, on said last named day, the plaintiff demanded and endeavored to take possession of said property, but the said defendants refused to allow him to do so, and retained possession thereof, and occupy and use the same, and refuse to allow the plaintiff to have, use or sell and dispose of the same, claiming and pretending that the resolution appointing the plaintiff trustee and directing the conveyances to be made to him is irregular and void, and the deed and assignment invalid, and that any sale of such property by plaintiff would convey no title; and they declare that they will not surrender possession of said property to plaintiff; and by reason of such unlawful acts of the defendants, the plaintiff cannot execute his said trust, and purchasers are deterred from purchasing such property, by reason of which the property is lying idle, and interest is accruing on the debts of said company. The defendants deny that anything is due to said Bissell.

Prayer, that the defendants be required to surrender said property to the plaintiff; that the defendants be enjoined from setting up any adverse title; that the plaintiff's title be quieted; that the court settle and determine the amount due to said Bissell; that the court direct as to the management of the said trust; and for other proper relief.

Several exhibits are filed with the complaint.

The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and because of want of capacity in the plaintiff to sue. The demurrer was overruled.

On petition of Thebus M. Bissell and Andrew Anderson, they were made defendants to the action, and filed an answer, in which they admit the facts to be as stated in the complaint.

De Camp and wife answered in four paragraphs. A demurrer to the first paragraph was sustained, and there

was a reply to the other paragraphs. De Camp and wife filed an answer to the petition of Anderson and Bissell, and also a cross complaint against them, which was answered by a general denial. Upon a second trial by jury, there was a general verdict for the plaintiff and answers to sundry interrogatories propounded by the defendants.

The defendants De Camp and wife moved the court for judgment on the special findings of the jury; but their motion was overruled. They moved for a new trial, which was refused; and there was final judgment for the plaintiff according to the general verdict of the jury. The evidence is in the record by a bill of exceptions.

Errors are alleged as follows:

1. Overruling the demurrer to the complaint.

2. Sustaining the demurrer to the first paragraph of the answer.

3. Overruling the motion of De Camp and wife for a new trial.

4. Refusing to give instructions number five, six, seven and eight, asked by the defendants De Camp.

5. Overruling the motion of the defendants De Camp for judgment upon the special findings of the jury.

The first question to be determined is as to the sufficiency of the complaint. The question is argued under this assignment as to the power of a majority of the stockholders of a manufacturing corporation, under the laws of this State, to wind up its business against the wish of a minority. But we do not think that question is presented by this assignment. We understand the complaint to aver that the resolution to sell the property and wind up the affairs of the corporation was agreed to and adopted by all the stockholders, officers and directors of the company. The demurrer admits the truth of the allegation for the purposes of the demurrer.

The next question relates to the sufficiency of the first paragraph of the answer, to which a demurrer was sustained. It is alleged in that paragraph of the answer, that the defend-

ants De Camp, nor either of them, were present, nor did they vote for said resolution, nor consent thereto; and if they had been present, they, nor either of them, would have voted for said resolution; that, after the passage thereof, they disaffirmed the same, and have continually refused, and do now refuse, to recognize the same as binding upon them. The question discussed under the former assignment is presented here. We do not regard the act of the corporation in assigning its property to a trustee for the payment of the debts of the corporation, etc., as a surrender of its franchises as a corporation, and as working a dissolution of the corporation. A corporation may cease to do business, sell or assign its property for the payment of its debts, etc., and yet not cease to be a corporation. 2 Kent Com. 312. And see *Wilde* v. *Jenkins,* 4 Paige, 481; *Ward* v. *The Sea Ins. Co.,* 7 Paige, 294.

We regard the action of the corporation as amounting to an assignment of its property for the benefit of its creditors, etc., and nothing more. That a corporation may make such an assignment is well settled law. Burrill Assignments, 36, 548, *et seq.* Such an assignment may be made by the board of directors, without the express authority or consent of the stockholders. *Dana* v. *The Bank of the United States,* 5 Watts & Serg. 223; Burrill, *supra.* Cases where the power of the corporation is restricted by its charter or by general law must be excepted from the general rule. In this view of the case, the court committed no error in sustaining the demurrer to the paragraph of the answer in question, as without the assent of De Camp there was a majority of the directors voting for the resolution.

Counsel for the appellants submits that the franchises of the corporation could not pass to the trustee and be sold by him, except by the unanimous consent of all the stockholders. If this be conceded, it does not affect the case, as no claim is made by the plaintiff with reference to the franchises.

Under the third assignment, it is urged that the court erred in refusing to admit evidence of the amount or value

of the property owned by De Camp and wife, with a view, as we infer, of showing that they could not bid on the property of the company when sold by the trustee. We do not see that there was any error in this. It was no bar to the action.

There was evidence offered and rejected on certain other points, but we do not see that there was any error in those rulings.

The motion for a new trial presented the question as to the sufficiency of the evidence to sustain the verdict of the jury, and counsel submit that question to us. In the view which we have taken of the case, we think there is no reason for disturbing the judgment on this ground.

The good faith of the directors in the passage of the resolution to make the assignment is discussed; but this is one of the questions decided by the jury, and we cannot say that under the evidence it was not correctly decided.

The same may be said as to the necessity or expediency of the assignment. We cannot say that the course pursued was not the most expedient under the circumstances.

The court instructed the jury at considerable length, giving them, as we think, all the information necessary to a full understanding of the law of the case. It was urged in the motion for a new trial that the court erred in refusing to give instructions five, six, seven and eight, asked by the defendants. We do not see that the giving of these instructions, conceding them to be correct, would have enabled the jury to comprehend and decide the questions involved, any more accurately than they could without them. Having fully presented the questions involved to the jury, it was not the duty of the court to give other instructions.

The special findings of the jury in answer to interrogatories are not inconsistent with the general verdict. One question about which there was much contention was, whether or not Anderson was, on the 29th day of April, 1873, the real owner in his own right of two shares of the stock of the company. The jury found that he was such owner. It was

found that De Camp was not present at the meeting when the assignment was made, and that Anderson and Bissell, the other two directors, were present and voted for the resolution.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.