### In re BURBANK CO.

(District Court, D. New Hampshire. March 16, 1909.)

#### No. 1,381.

BANKRUPTCY (§ 61*)—CORPORATION—ACTS OF BANKRUPTCY—ADMISSION BY OFFICER.

A corporate officer, such as a treasurer, cannot create an act of bankruptcy on the part of the corporation through admission, nor can his unauthorized admission be made effective by ratification by the board of directors.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 61.*]

In Bankruptcy. On involuntary petition.

Matthew J. Ryan, for petitioning creditors.

Streeter & Hollis and Robert A. B. Cook, for answering creditors.

ALDRICH, District Judge. In this case I am inclined to accept the principle of In re Bates Mach. Co., 91 Fed. 625, decided in this circuit by Judge Lowell, as having application to the situation here, and as controlling against the proposition that a corporate officer, like a treasurer, may create an act of bankruptcy through admission. It is true the cases are not quite the same, because in the case at bar the admission was by a treasurer, and the act was sought to be ratified by a vote of the directors, while in Re Bates Mach. Co. the admission of insolvency was by the board of directors. But if, as decided in Re Bates Mach Co., there was no authority in the directors to create the act of

bankruptcy through admission, it is difficult to see how in the case at bar the directors could add anything to the unauthorized act or admission of the treasurer. In re Quartz Gold Mining Co. (D. C.) 157 Fed. 243, and Van Emon v. Veal, 158 Fed. 1022, 85 C. C. A. 547, apparently sustain the same general principle.

The petition is dismissed, and the petitioning creditors except.

If my conclusion upon the question as to the act of bankruptcy is sustained, all questions about the disputed creditor claims and their provability are doubtless immaterial; but, if my conclusion in that respect should be overruled, the question as to claims might become material. I therefore make a ruling upon that branch of the case, and it is this:

That the report of the master as to the indebtedness and its provability is affirmed, and I hold that the intervening creditors are in for the purpose of proving their claims. This is subject to exception by the responding creditors.