## In re KENWOOD ICE CO.

(District Court, D. Minnesota. Fourth Division. July 5, 1911.)

1. BANKRUPTCY (§ 44*)—CORPORATION.

Directors of a corporation have power to put the corporation into bankruptcy, and a vote of the stockholders to that end is not necessary.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 44.*]

2. CORPORATIONS (§ 298*)—DIRECTORS—MEETINGS—MAJORITY—NOTICE TO MINORITY.

Majority directors of a corporation under ordinary circumstances have no right to hold a meeting without notice to the minority.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1298; Dec. Dig. § 298.*]

3. CORPORATIONS (§ 298*)—DIRECTORS—MEETINGS—NOTICE TO MINORITY DIRECTOR.

A corporation had three directors. A directors' meeting was held by two of them without notice to the third, at which a resolution was passed placing the corporation in bankruptcy. The third director was not friendly with his codirectors, and their relations had become so strained that they had resulted in a personal altercation, which ended in his being ejected from the office of the company. He had commenced an action against the corporation and his codirectors, charging fraud in the sale of stock to him, and asking that the contract of sale be rescinded, which suit was pending at the time the meeting was held, and it appeared that he was interested in defeating the resolution in order to sustain an attachment by himself of the corporation's property. *Held,* that notice to him would have been nugatory, and hence a meeting was validly held without such notice.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1298; Dec. Dig. § 298.*]

4. BANKRUPTCY (§ 44*)—CORPORATION—RESOLUTION OF DIRECTORS—PETITION.

Where majority directors of a corporation adopted a resolution authorizing the filing of a petition to place the company in bankruptcy, such petition was not fatally defective for failure to show the resolution on its face.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 44.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Kenwood Ice Company. On petition to set aside adjudication. Denied.

Henry C. James, for petitioner.

F. W. Booth, for bankrupt.

WILLARD, District Judge (orally). One of the principal objects of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) is to prevent one creditor from obtaining a preference over another creditor. The evidence in this case shows that if this petition in bankruptcy had not been filed A. C. Dodge a creditor of the company would have obtained a preference over the other creditors. It was therefore the plain duty of the company, not being able to pay its debts in full, to go into bankruptcy. The law then in force authorized it to do so, and it owed the duty to the other creditors to take that step. When this petition was filed by

the officers of the company they did what they could to carry out the purposes of the bankrupt act. In deciding the questions here presented, I approach them with the belief that the act of the directors should be sustained, if it can be done consistently with the law.

[1] The first question that I shall consider is whether the directors of the corporation have the power to put the corporation into bankruptcy, or whether the stockholders alone have that power. Whatever may be the rule in other jurisdictions, if I should put in force the rule asked for by the petitioner, I should find myself in considerable difficulty owing to cases which have already been determined by this court.

My recollection is that several cases have been decided in this district, in which the willingness of a corporation to be adjudged a bankrupt has been evidenced only by its consent given by the board of directors, and no authority from the stockholders has been shown. The board of directors has the same authority to make application under the amended bankrupt law as it had to admit insolvency upon an involuntary petition in bankruptcy.

One case recently decided is that of Tibbs, Hutchins & Co. This corporation was adjudged a bankrupt on its voluntary petition, and the only authority presented was a resolution by the board of directors; no authority from the stockholders was shown. The assets of this corporation exceeded $2,000,000 and more than $1,500,000 has already been distributed to its creditors. If I grant the motion to set aside the adjudication in the case at bar, I should have to set aside the adjudication in the Tibbs, Hutchins & Co. case and other proceedings taken therein. Not only that but I think half a dozen cases can be found where similar action has been taken.

This is a very cogent reason for not adopting the view of the petitioners. It is not conclusive, and if I were satisfied that the law is as claimed by the petitioner, I should not consider it. But, so far from being thus satisfied, I am very well satisfied that the law is otherwise.

Considering the cases cited by the petitioners, In re Bates Machine Co. (D. C.) 91 Fed. 625, an opinion rendered by Judge Lowell, it is very apparent that Judge Lowell himself was not satisfied at all with the law of Massachusetts which expressly authorized a board of directors to make a general assignment for the benefit of creditors. If he had had the power he would have changed the law, but he was forced to admit that he had no such power, and must submit to the proposition that the board of directors had such authority. His whole opinion is tinged with that prejudice.

I am entirely willing to agree with the law as laid down in Tripp v. Northwestern National Bank, 41 Minn. 400, 43 N. W. 60, where the Supreme Court of Minnesota distinctly held that a board of directors had authority to authorize a general assignment under the insolvency law. That was after the act of 1881 (Laws 1881, Minn., c. 148) was passed. Judge Lowell in his decision admits that he is bound by the law of Massachusetts with regard to the power of a board of directors; so I am equally bound by the Minnesota decision,

and it seems to me that upon this question the case of In re Bates is no authority at all. In the case of In re Burbank Co. (D. C.) 168 Fed. 719, Judge Aldrich took the same view with regard to the question that Judge Lowell did, and apparently followed it without any special discussion. In re Southern Steel Company (D. C.) 169 Fed. 702, decided by Judge Hundley, does not in any way hold that the board of directors did not have power to put the company into bankruptcy, or to make admissions of its insolvency and willingness to be put into bankruptcy. The case of In re Jefferson Casket Co. (D. C.) 25 Am. Bankr. Rep. 663, 182 Fed. 689, holds nothing contrary to the view which I am disposed to take. There the whole question under discussion was whether a petition in bankruptcy should be followed by an adjudication, where there was no evidence that the board of directors had ever authorized the filing of the petition.

A board of directors ought to have the power to put the company into bankruptcy. They have care of the general business of the corporation. They are the persons who know whether the corporation is able to go on or not. It might very well happen that under the articles and by-laws of the corporation it would be impossible to hold a meeting of the stockholders for months. Under these circumstances the bankruptcy of the corporation might be delayed so long that in many cases the purposes of the bankrupt law would be defeated and preferences given. I am satisfied that the board of directors at a duly called meeting has the power to put the corporation into bankruptcy.

The next question is did the board of directors properly adopt a resolution putting this company into bankruptcy? There were three directors, two of them attended the meeting and participated in the proceedings, the third member neither attended nor was notified. The claim is that this rendered the proceedings illegal.

[2] I shall follow the proposition of law that a majority of the directors, under ordinary circumstances, has no right to hold a meeting without notice to the minority. There is another proposition, however, which applies to this case, and that is, that the law does not compel the doing of a vain and useless thing. It is plain that the sending of notice of the meeting to Dodge would have been useless. Of course the determination of the majority that Dodge would not attend was not at all conclusive. The board of directors had no power to determine that question. They took that risk upon themselves. It is for the court to determine whether upon the evidence here produced notice to Dodge was necessary.

[3] There are two considerations which satisfy me beyond all question that it would not have produced any result. The first is the relations that existed between the other directors and Dodge. The evidence shows that they had become so strained that they had resulted in a personal altercation between one of the directors and Dodge, which ended in Dodge being ejected from the office of the company.

It appears that months before he had commenced an action against the corporation and the two other directors, charging them with

fraud in the sale of stock to him, and asked that the contract by which he purchased the stock should be rescinded. That suit was pending at the time this meeting was held. Any participation by him in a meeting of the directors after this suit was commenced would have been entirely inconsistent with its purpose, and would in all probability have defeated it. The evidence also shows that he had not attended meetings of the directors for nearly a year. These facts justified the board of directors in not giving him notice of that meeting, because they knew to a moral certainty that he would not attend.

There is another and more potent consideration, which is, that Dodge was vitally interested in defeating the resolution. If the corporation had not gone into bankruptcy on that day or on the next day four months would have elapsed since a creditor had made an attachment of the property of the corporation, and had thereby secured a lien upon the same. That creditor was Dodge. As a director it was his duty, as has been said, to put the company into bankruptcy, in order to prevent this preference. As an individual, it was his plain interest to keep the company out of bankruptcy for two or three days longer. His interest as an individual so conflicted with his duty as a director, that he certainly would have had no moral right to vote upon this resolution, even if he had been present. So I am satisfied that notice of the meeting to Dodge was not necessary.

[4] It is further claimed that the petition is not sufficient. In the case of In re Jefferson Casket Company there was no evidence before the court that the board of directors had adopted a resolution authorizing the filing of a petition. Here we have a case where there is evidence that the directors had in fact authorized the filing of a petition in bankruptcy. The petition does not show that upon its face. The referee however accepted that petition and made the adjudication. It is now sought to set aside the adjudication, not because there was no authority on the part of the board of directors to ask for that adjudication, but simply because at that time that authority did not appear on the face of the petition. The adjudication having been made, the court should not set it aside for this reason.

As has been suggested by Mr. Booth, the petition is not a transfer of the property. It is not an assignment for the benefit of creditors. It simply sets the machinery of the court in motion. The thing that does transfer the property is not the petition, but the adjudication.

These being the views which I have upon the questions presented, my judgment is that the petition was properly filed, and that the adjudication should stand.

I therefore deny the petition to set it aside.