## In re FOSTER PAINT & VARNISH CO.

(District Court, E. D. Pennsylvania. February 3, 1914.)

### No. 5049.

1. BANKRUPTCY (§ 44*)—CORPORATIONS—FILING PETITION—AUTHORITY.
   Directors of a Pennsylvania corporation, without special authority from stockholders, have power to authorize the filing of a petition to have the corporation declared a bankrupt.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 43–46; Dec. Dig. § 44.*]

2. BANKRUPTCY (§ 43*)—CORPORATION—VOLUNTARY PETITION—INSOLVENCY.
   Insolvency is not a necessary prerequisite to the filing of a voluntary petition for bankruptcy adjudication against a corporation.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 38; Dec. Dig. § 43.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Foster Paint & Varnish Company. On a petition to vacate the adjudication. Denied, and petition dismissed.

C. Oscar Beasley, of Philadelphia, Pa., for petitioner.
Rudolph M. Schick, of Philadelphia, Pa., for bankrupt company.

THOMPSON, District Judge. A petition in voluntary bankruptcy was filed January 15, 1914, by the Foster Paint & Varnish Company, a corporation chartered under the laws of Pennsylvania, admitting its inability to pay its debts and its willingness to be adjudged a bankrupt on that ground. The petition was filed by the president and secretary of the corporation under authority of a resolution of its board of directors adopted at a special meeting duly called and held on January 12, 1914. The petition to vacate is based upon the ground that the filing of the petition was not authorized by the stockholders at a stockholders' meeting.

[1] It is contended on behalf of the petitioner that the directors of a Pennsylvania corporation have no such general power over the affairs of the corporation or over the disposition of its property as to empower them to authorize the filing of a petition in bankruptcy without authority from the stockholders.

As is said in "Collier," p. 123:

"In the absence of special provisions in the bankruptcy act, reference must be made to the state statutes, controlling the authority of officers and directors of corporations to dispose of the property of the corporation for the benefit of its creditors."

It must be conceded that, if the directors of the corporation have power to make a general assignment for the benefit of creditors without authority from the stockholders, they have equal power to file the petition in bankruptcy.

It is well settled that a corporation of Pennsylvania has this power.

"Corporations, unless expressly restrained by the act which establishes them or some other act of Assembly, have and always have had an unlimited power over their respective properties, and may alienate and dispose of the

same as fully as any individual may do in respect to his own property. Hence an insolvent corporation may make a general assignment for the benefit of its creditors, and this power may be exercised by the directors, unless special provision to the contrary is made in the charter." Dana v. Bank of the United States, 5 Watts & S. (Pa.) 223; Ardesco Oil Co. v. North American Oil & Mining Co., 66 Pa. 375.

As was said by Judge Willard in Matter of Kenwood Ice Co. (D. C.) 26 Am. Bankr. Rep. 499, 189 Fed. 525:

"A board of directors ought to have power to put the company into bankruptcy. They have care of the general business of the corporation. They are the persons who know whether the corporation is able to go on or not. It might very well happen that under the articles and by-laws of the corporation it would be impossible to hold a meeting of the stockholders for months. Under these circumstances, the bankruptcy of the corporation might be delayed so long that in many cases the purposes of the bankrupt law would be defeated and preferences given. I am satisfied that a board of directors, at a duly called meeting has the power to put the corporation into bankruptcy."

[2] The petitioner denies the insolvency of the corporation. There is nothing in the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) which requires a voluntary petitioner to be insolvent.

The petition to vacate is dismissed.