## In re DE CAMP GLASS CASKET CO. et al.

(Circuit Court of Appeals, Sixth Circuit. April 15, 1921.)

No. 3467.

1. **Bankruptcy ⬥440—Petition to revise proper method to review order vacating adjudication for want of jurisdiction.**

   An order vacating an adjudication in bankruptcy is not a judgment refusing to adjudge defendant a bankrupt, reviewable by appeal, under Bankruptcy Act, § 25 (Comp. St. § 9609), but is properly reviewable by petition to revise, under section 24b (Comp. St. § 9608).

2. **Bankruptcy ⬥444—Time within which to file petition to revise may be extended after its expiration.**

   Circuit Court of Appeals rule 34 (261 Fed. v, 171 C. C. A. v), requiring a petition to revise an order in bankruptcy to be filed within 20 days from the entry of the order sought to be revised, but authorizing the District Judge to enlarge the time for such filing, does not imperatively require the jurisdiction to extend the time to be exercised within the time for filing the petition.

3. **Bankruptcy ⬥43—Authority of directors of corporation to file voluntary petition depends on state law.**

   The authority of the directors of the corporation to file a voluntary petition in bankruptcy on behalf of the corporation depends on the laws of the state in which the corporation was organized, in the absence of restrictive provisions in the charter.

4. **Bankruptcy ⬥43—Unless restrained by statute or charter, directors may authorize voluntary bankruptcy.**

   In the absence of restrictive provisions in either the statute of the state or the charter of a corporation, the board of directors may authorize the filing of a petition in voluntary bankruptcy.

5. **Bankruptcy ⬥43—State statute held not to deprive directors of power to authorize voluntary bankruptcy.**

   Corporation laws of Delaware, providing that the business of every corporation shall be managed by a board of directors, and, by section 39, forbidding the directors to dissolve a corporation, except with the consent of two-thirds of the stockholders, do not restrict the authority of the directors to authorize the filing of a petition in voluntary bankruptcy on behalf of the corporation, since a corporation is not dissolved by bankruptcy proceedings, unless the state statute so provides.

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. Bankruptcy ⬤�ký43—Charter prohibiting disposition of corporate property without stockholders' consent does not prohibit directors from filing petition for voluntary bankruptcy.**

> A provision in a corporate charter authorizing disposition of the entire property of the corporation with the consent of two-thirds in interest of the stockholders, which thereby impliedly prohibits such disposition without the consent of the stockholders, does not deprive the directors of authority to direct the filing on behalf of the corporation of a petition in voluntary bankruptcy.

Petition to Revise an Order of the District Court of the United States for the Southern Division of the Eastern District of Tennessee; Edward T. Sanford, Judge.

In the matter of voluntary proceedings in bankruptcy by the De Camp Glass Casket Company. The referee's order overruling a motion to vacate the adjudication in bankruptcy was reversed by the District Judge, and the bankrupt and trustee in bankruptcy bring petition to revise. Order of District Judge reversed, and record remanded, with directions.

J. B. Sizer, of Chattanooga, Tenn. (J. Read Voight, Strang & Fletcher, and Sizer, Chambliss & Chambliss, all of Chattanooga, Tenn., on the brief), for petitioners.

C. C. Moore, of Chattanooga, Tenn. (Tatum, Thach & Lynch and Charles C. Moore, all of Chattanooga, Tenn., on the brief), for respondent.

Before KNAPPEN and DONAHUE, Circuit Judges, and WESTENHAVER, District Judge.

KNAPPEN, Circuit Judge. The De Camp Glass Casket Company, a corporation organized under the laws of Delaware for carrying on a manufacturing business, filed voluntary petition in bankruptcy pursuant to resolution therefor by its board of directors, and adjudication followed as of course. Thereupon certain of its stockholders moved to vacate the adjudication, on the ground, among others, that the directors had no authority to file the petition therefor, and that their act was thus not that of the corporation. The referee overruled the motions to vacate. Upon review, the District Judge reversed that action and set aside the adjudication, upon the ground that the directors were without power to authorize the filing of a voluntary petition for adjudication of bankruptcy without a vote of the stockholders, and declined to consider the other grounds of the motion to vacate. This proceeding, under section 24b of the act (Comp. St. § 9608), is to review this vacating order.

1. Respondents moved to dismiss the petition to revise on the grounds, first, that the order in question is not reviewable under section 24b, but can only be reviewed on appeal under section 25 of the act (Comp. St. § 9609), as from "a judgment adjudging or refusing to adjudge the defendant a bankrupt"; and, second, that the proceeding to revise was not seasonably taken.

[1] (a) In our opinion, section 24b provides the proper remedy. The order did not refuse to adjudge bankruptcy; it merely vacated

the order of such adjudication, for the reason that, as matter of law, there was no jurisdiction to so adjudicate. This proceeding involves no question of fact, nor does it relate to the merits of the adjudication, except as involved in the proposition of law stated. The question is foreclosed under the decisions of this court. In Brady v. Bernard (C. C. A. 6) 170 Fed. 576, 579, 95 C. C. A. 656, we held that an order refusing to vacate an adjudication of bankruptcy is not appealable under section 25a, but is reviewable only under section 24b.[1] So far as concerns method of review, it is immaterial whether the motion to vacate is granted or denied. The basis of the remedy is the same in both, viz. that section 25a does not provide for appeal from an order of this kind, and that the case involves only questions of law. We have also held that an order setting aside a discharge in bankruptcy was not one "denying a discharge" within the meaning of section 25a. In re Jacobs, 241 Fed. 620, 625, 154 C. C. A. 378. There is no room for distinction as to remedy between an order setting aside or refusing to set aside a discharge and one vacating or refusing to vacate an adjudication of bankruptcy.

[2] (b) Rule 34 of this court (261 Fed. v, 171 C. C. A. v) requires that a petition to revise under section 24b be filed within 20 days from the entry of the order sought to be revised, but authorizes the District Judge to enlarge the time for such filing. The order in question was entered June 2, 1920. The formal application for extension of time for presenting petition to revise was filed July 24, 1920, and thus more than 20 days after the entry of the order complained of. By order dated August 14th the time for filing petition to revise was in effect extended to September 2d, and the petition to revise was filed before that time. The question whether the extension came too late must be considered in connection with these facts: While the vacating order was entered June 2d, it was not until July 17th that the findings of fact under the second subdivision of our rule 34 were filed, in connection with the refusal to make findings under the second and third grounds of the motion to vacate. Meanwhile, on July 1st (but more than 20 days after June 2d), petitioner had filed its statement of matters on which revision was sought, and on July 7th respondents had excepted to the request for findings of fact, for the reason, among others, that the petitioner had not promptly filed statement of the matters of law on which review was sought and that the statement filed was partial and incomplete. The findings of fact were filed July 17th. The petition for extension of time was filed about 7 days later. The settlement of findings would seem to contemplate an extension of time for filing petition to revise; otherwise, settlement would be a vain thing. The application for extension, made 7 days later, came with reasonable promptness, assuming that the right to extension was not barred by July 8th. Rule 34 does not in terms require that jurisdiction to extend time for filing petition to revise be exercised only within

[1] There are similar decisions by the Circuit Court of Appeals of the Eighth Circuit. Electric Co. v. Ætna Ins. Co., 206 Fed. 885, 124 C. C. A. 545; Hart-Parr Co. v. Barkley, 231 Fed. 913, 914, 146 C. C. A. 109; Armstrong v. Norris, 247 Fed. 253, 254, 159 C. C. A. 347.

20 days from the actual entry of the order sought to be revised. The 20-day limitation is not statutory, and we are not disposed to construe the rule, as applied to the history of this case, as imperatively requiring the extending authority to be exercised within that 20-day period.

The motion to dismiss the petition to revise is denied.

[3, 4] 2. The Merits.—Under the present Bankruptcy Law a manufacturing corporation is entitled to the benefits of the act as a voluntary bankrupt. Act June 25, 1910, 36 Stat. 838. Whether the directors of a corporation, without authority from the stockholders, have power to file a petition in voluntary bankruptcy, depends upon the laws of the state in which the corporation was organized, in the absence of restrictive provisions in its charter. Home Powder Co. v. Geis (C. C. A. 8) 204 Fed. 568, 570, 571, 123 C. C. A. 94; Fitts v. Custer, etc., Co. (C. C. A. 8) 266 Fed. 864, 867. According to the trend of authority, in the absence of restrictive provisions in either statute or charter, a board of directors may authorize the filing of a petition in voluntary bankruptcy. Rudebeck v. Sanderson (C. C. A. 9) 227 Fed. 575, 576, 142 C. C. A. 207; In re United Grocery Co. (D. C.) 239 Fed. 1016, 1018 (Call, District Judge); In re S. & S. Mfg., etc., Co. (D. C.) 246 Fed. 1005, 1008 (Judge Westenhaver); Collier on Bankruptcy (12th Ed.) p. 143.[2]

[5] The only provisions of the corporation laws of Delaware (Rev. Code 1915, §§ 1915–2101g) thought to be pertinent are, first, that the certificate of incorporation may contain "any provision which the incorporators may choose to insert * * * creating, defining, limiting and regulating the powers of the corporation * * * providing such provisions are not contrary to the laws of the state"; second, that "the business of every corporation organized under the provisions of this chapter shall be managed by a board of not less than three directors, except as hereinafter provided"; and, third, that section 39 of the corporation laws of Delaware forbids the board of directors to dissolve a corporation, except after notice to the stockholders and upon consent of two-thirds in interest of all the stockholders as expressed at a meeting duly held. The only restrictive provision in the charter thought to be pertinent is that (section 8):

"With the consent in writing and pursuant to an affirmative vote of the holders of a majority of the capital stock issued and outstanding, the directors shall have authority to dispose in any manner of the whole property of this corporation."

---

[2] The cases of Fitts v. Custer, etc., Co., supra, and Bell v. Blessing (C. C. A. 9) 225 Fed. 750, 141 C. C. A. 34, illustrate the tendency of the courts to sustain the power of corporate directors to file petition in bankruptcy. In the first-mentioned case the filing of such petition was held not an "Incumbrance of its property" within the meaning of the Colorado statutes (Rev. St. 1908, § 865, as amended by Laws 1915, p. 175) denying to the directors of a mining corporation power to incumber its mines or plant without the power or an authorizing vote of the stockholders. In the other case an authorization to a corporation to file its voluntary petition in bankruptcy, given by its board of directors, a member of which practically owned all the stock, was held sufficient, notwithstanding the provision of the Civil Code of California, (section 361a) forbidding any assignment of the business, franchises, and property of a corporation unless with the consent of the stockholders thereof holding at least two-thirds of the stock.

272 F.—36

The learned District Judge was of opinion that this charter provision in effect forbade the filing of a voluntary petition in bankruptcy without the consent and affirmative vote of the stockholders, for the reason that such act constituted in effect a disposition of the entire property of the corporation, within the meaning of that provision. This view was thought to be strengthened by the provision forbidding the board of directors to dissolve a corporation, except after notice and consent of two-thirds in interest of all stockholders.

We are not disposed to give great weight to this latter consideration, for the reason that a corporation is not dissolved by bankruptcy proceedings, unless the state statute so provides. As said in Du Pont v. Standard Arms Co., 9 Del. Ch. at page 320, 81 Atl. at page 1089:

"The appointment of the receiver did not dissolve the corporation, or cut short its legal existence." Rudebeck v. Sanderson, supra, 227 Fed. at page 578, 142 C. C. A. 207.

In re Quartz Gold Mining Co. (D. C.) 157 Fed. 243 (affirmed Van Emon v. Veal [C. C. A. 9] 158 Fed. 1022, 85 C. C. A. 547), lends support to the decision of the District Court in the instant case, but is not, to our minds, convincing. The case of In re Bates Machine Co. (D. C.) 91 Fed. 625 (cited in the Quartz Case), is opposed to the general current of authority, as is also In re Burbank Co. (D. C.) 168 Fed. 719. The case, in our opinion, turns upon the question whether the charter provision authorizing disposition of the entire property of the corporation with the consent of two-thirds in interest of the stockholders is tantamount to a prohibition of the institution of voluntary bankruptcy proceedings. This question is, of course, purely one of intention. We may lay aside any probability that the organizers of the corporation had bankruptcy proceedings specifically in mind, and so the real inquiry is whether their intention, as disclosed by this provision, broadly embraces such action. The learned District Judge was impressed by the fact that in the majority of cases which have held that a board of directors may authorize proceedings in bankruptcy under the general authority to manage the business of the corporation, the conclusion was rested upon the fact that, as construed by the highest court of the state, the directors had power to authorize an assignment for the benefit of creditors. Such was the situation in Home Powder Co. v. Geis, supra; Rudebeck v. Sanderson, supra; Dodge v. Kenwood Ice Co. (C. C. A. 8) 204 Fed. 577, 579, 123 C. C. A. 103 (reviewing In re Kenwood Ice Co. [D. C.] 189 Fed. 525); In re Foster Paint & Varnish Co. (D. C.) 210 Fed. 652; In re Russell Wheel & Foundry Co. (D. C.) 222 Fed. 569, 573.

On the other hand, there are a number of decisions asserting the authority of the corporate directors to institute proceedings in voluntary bankruptcy, and without reference to power to make assignments for the benefit of creditors. In re Hargadine-McKittrick Dry Goods Co. (D. C.) 239 Fed. 155, 158; [3] In re S. & S. Mfg. Co., supra, where

[3] This case was reversed by the Circuit Court of Appeals of the Eighth Circuit upon another point (244 Fed. 719, 157 C. C. A. 167), and without mentioning the proposition we have just referred to.

the conclusion that the corporate directors may file a voluntary petition in bankruptcy is based upon section 8660 of the General Code of Ohio, which provides that "the corporate powers, business and property of corporations formed under this title shall be exercised, conducted and controlled by the board of directors * * *"; In re United Grocery Co., supra, where the authority of the directors to file a voluntary petition in bankruptcy was based upon the Florida statute (Comp. Laws, § 2663), which provides that the business of the corporation shall be conducted by certain officers and the board of directors. It was held that this power was not inconsistent with the provision for dissolving the corporation, for the reason that the bankruptcy of the corporation was not equivalent to a statutory dissolution. In re Dressler Producing Corporation (C. C. A. 2) 262 Fed. 257, 260.[4] We do not, however, understand that it is meant by any one of these decisions that an authority in the board of directors to institute bankruptcy proceedings cannot exist, in the absence of express authority to authorize an assignment for the benefit of creditors, but only that this latter authority, in the absence of anything to the contrary, carries with it the power to institute bankruptcy proceedings, as being of the same general character.

The decisions asserting the power of corporate directors to make assignments for the benefit of creditors as a rule, if not always, are based upon the general authority of the directors to take such action unless specially restricted.[5]

---

[4] In this case, however, in support of the proposition that the question of solvency was immaterial, a quotation was made from a former decision of that court (In re Moench & Sons Co., 130 Fed. 685, 66 C. C. A. 37), in which it was said that the power to make the admission in writing (constituting the fifth act of bankruptcy) "could be exercised by the same officers who have the power to make a general assignment, and, in the absence of statute or by-law regulating the subject, such power resides in the directors."

[5] In Boynton v. Roe, 114 Mich. 401, 407, 72 N. W. 257, 259, the question is thus disposed of: "The directors may make such assignment for the benefit of creditors without the assent of the stockholders. Hutchinson v. Green, 91 Mo. 367; De.Camp v. Alward, 52 Ind. 473. Under our statute, the business affairs of the corporation were under the control of the board of directors. The board of directors had the power to make the assignment."

In Tripp v. Northwestern Nat. Bank, 41 Minn. 400, 403, 43 N. W. 60, 61, it was said: "It is contended that the assignment in this case was void because it was not authorized by the stockholders, but only by the board of directors, and because even the authority given by the directors was only to make an assignment for the equal benefit of all creditors without preferences, no more specific direction being given. The weight of authority seems to be in favor of the proposition that the board of directors of a corporation, to which the general management of its affairs is committed without particular restriction, may authorize a general assignment of the corporate property to be made for the benefit of creditors when the condition of its affairs is such as to reasonably justify such a course, as in the case of insolvency. Sargent v. Webster, 13 Met. 497; Dana v. Bank of U. S., 5 Watts & S. 223; Ardesco Oil Co. v. North Amer. Mining Co., 66 Pa. St. 375; Merrick v. Trustees, 8 Gill, 59; De Camp v. Alward, 52 Ind. 468."

In Re Guanacevi Tunnel Co. (C. C. A. 2) 201 Fed. 316, 318, 119 C. C. A. 554, 556, it is said: "In the absence of any restriction, by statute or by the charter and by-laws, the power of the board to make a general assignment of the property of a corporation which is unable to meet its current obligations

We think it clear that the Delaware statutes contain no provisions which themselves restrict the authority of a board of directors to make voluntary petition in bankruptcy without action by the stockholders  Those statutes merely provide that the certificate of incorporation may contain any provision for the regulation of the business and for the conduct of the affairs of the corporation, and any provisions creating, defining, limiting and regulating the powers of the corporation, directors and the stockholders, not contrary to the laws of the state.

[6] The question may accordingly be thus stated: Does the charter provision, authorizing disposition of the entire property of the corporation with the consent of two-thirds in interest of the stockholders, in effect withdraw from the directors the power to make an assignment for the benefit of creditors or to take voluntary proceedings in bankruptcy—in view of the statutory provision that "the business of every corporation organized under the provisions of this chapter shall be managed by a board of not less than three directors, except as hereinbefore provided"?

It is the well-settled rule that, in the absence of express statutory authority, neither the directors nor a majority of the stockholders of a prosperous and going corporation, nor both together, have power to dispose of the entire property of the corporation, or even so much of it as renders the corporation unable to continue business and carry out the purpose of its formation. 7 R. C. L. § 287; 6 L. R. A. 678; 35 L. R. A. (N. S.) 397. In later years statutes authorizing such disposition (as by direct sale or consolidation, or otherwise) by the consent of less than all the stockholders of a solvent and going concern have become quite common. The charter provision here in question does not in express terms forbid any and all action on the part of the directors (such as assignment for the benefit of creditors or bankruptcy proceedings), which would or might lead to a final disposition of the entire corporate property. Indeed, it does not in express terms forbid action by the directors to dispose of the entire property of the corporation. It is only by implication that the construction adopted below can be reached.

for the benefit of creditors or to apply for a receivership is to be presumed. * * * The voluntary petition for adjudication as a bankrupt is tantamount to such proceedings."

In Chew v. Ellingwood, 86 Mo. at page 273, 56 Am. Rep. 429, it is said: "The right of the directors of a bank in failing circumstances to make an assignment for the benefit of creditors, where there is nothing in the charter or general laws forbidding it, we think, is clear. * * * Many of the authorities cited go to the extent of saying that under such circumstances the directors not only have the right, but that, in justice, they ought to make an assignment so that creditors might share equally in its assets."

In Hutchinson v. Green, 91 Mo. 367, 1 S. W. 853, in the presence of a statutory provision that "the property or business of the corporation shall be conducted and managed by directors," it was held, as stated in the headnote (which is fully sustained by the text 91 Mo. at page 375, 1 S. W. at page 855), that "it is the duty of the directors of a corporation to care for its creditors, and when it becomes embarrassed and unable to meet its obligations in the usual course of business, it is competent for the directors to make an assignment for the benefit of creditors, and this they may do, not only without the consent, but even against the expressed will of the stockholders."

In view of the considerations to which we have called attention, and the fact that corporate directors are quite generally held to have authority to make common-law assignments or institute bankruptcy proceedings when the corporation becomes insolvent or its affairs seriously embarrassed, it seems to us the more reasonable inference that the charter provision we are considering was intended to restrict the directors' authority only with respect to the direct and immediate disposition of the entire corporate property, although a solvent and going concern—in line with the modern statutes above referred to—rather than as extending to a prohibition of such power on the part of the directors, under the broad statutory authority otherwise conferred, to assign the corporate property for the benefit of creditors or to take the benefit of the bankruptcy act, when in the opinion of the board such action is necessary for the protection of the interests of stockholders and creditors. As expressed by Judge Willard in In re Kenwood Ice Co., supra, 189 Fed. at page 527:

"A board of directors ought to have the power to put the company into bankruptcy. They have care of the general business of the corporation. They are the persons who know whether the corporation is able to go on or not. It might very well happen that under the articles and by-laws of the corporation it would be impossible to hold a meeting of the stockholders for months. Under these circumstances the bankruptcy of the corporation might be delayed so long that in many cases the purposes of the bankrupt law would be defeated and preferences given." [6]

And as further said in the same case (page 528):

"The petition is not a transfer of the property. It is not an assignment for the benefit of creditors. It simply sets the machinery of the court in motion. The thing that does transfer the property is not the petition, but the adjudication."

For these reasons we are constrained to the opinion that the court below erred in vacating the adjudication of bankruptcy, for the one reason there and here considered. Its order is therefore reversed, and the record remanded, with directions to consider and pass upon the other grounds of the motion to vacate, and to take such further proceedings as are consistent with this opinion.

---

[6] Quoted with approval by Judge Thompson in Foster Paint & Varnish Co. (D. C.) 210 Fed. 652, 653.