## In re QUARTZ GOLD MINING CO.

(District Court, D. Oregon. November 18, 1907.)

### No. 1,167.

BANKRUPTCY—ACTS OF BANKRUPTCY—CORPORATION—POWER OF DIRECTORS.

Under B. & C. Comp. Or. § 5070, as amended by Sess. Laws 1903, p. 41, § 3, which provides that the stockholders of a private corporation may authorize its dissolution and the settling of its business and the disposition of its property, the directors of such a corporation do not possess such power; and in the absence of express authority conferred by the stockholders they cannot on behalf of the corporation commit the act of

bankruptcy specified in Bankr. Act July 1, 1898, c. 541, § 3a (5), 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422], by the passage of a resolution admitting its inability to pay its debts and its willingness to be adjudged a bankrupt.

In Bankruptcy. Involuntary proceedings. On demurrer to petition.

Johnson & Beckwith and R. W. Montague, for petitioners.
Emmons & Emmons and W. H. Fowler, for contesting creditors.

·WOLVERTON, District Judge. Petition by creditors praying that the Quartz Gold Mining Company, an Oregon corporation, be adjudged a bankrupt. The only act of bankruptcy the company is alleged to have committed is that, by resolution adopted by its board of directors, it admitted in writing its inability to pay its debts and its willingness to be adjudged a bankrupt. The question is presented, by demurrer to the petition, whether the corporation can thus, unless its board have further authority, commit the fifth act of bankruptcy specified in Bankr. Act July 1, 1898, c. 541, § 3a (5), 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]. At a previous hearing the demurrer was sustained, and the present hearing is upon an application for a reconsideration of the court's order in the premises.

By section 5070, Misc. Laws Or. (B. & C. Comp.), as amended by Sess. Laws 1903, p. 41, § 3, it is provided that:

"Any corporation organized under the provisions of this chapter (pertaining to private corporations) may, at any meeting of the stockholders which is called for such purpose, by vote of the majority of the stock of any such corporation, increase or diminish its capital stock, or the amount of the shares thereof, or authorize the dissolution of such corporation, and the settling of its business and disposing of its property and dividing its capital stock in any manner it may see proper."

Counsel for the demurrer insists that the statute precludes the power of the board of directors, without other authority from the stockholders, to commit the said fifth act of bankruptcy. The direct question has received consideration in view of the statute of Massachusetts, which provides in effect that the business of a corporation shall be managed and conducted by a president, board of directors, clerk, treasurer, and such other officers and agents as the corporation may constitute, but—

"No conveyance or mortgage of its real estate, or lease thereof for more than one year, shall be made, unless authorized by a vote of the stockholders at a meeting called for the purpose."

And it was held that without authority from the stockholders the board of directors could not make the requisite admission of inability to pay and express the willingness of the corporation to be adjudged a bankrupt, and thus commit the corporation to bankruptcy. In re Bates Machine Co. (D. C.) 91 Fed. 625. If the board of directors could not commit the particular and essential act under the authority of the Massachusetts statute, it surely could not under the Oregon statute,

which is much more restrictive of its power regarding dissolution and the settlement of the corporate business.

On the other hand, counsel for petitioners contend that the weight of authority is in favor of the doctrine that the directors may legally signify the requisite assent which would constitute the fifth act of bankruptcy. In the case of In re Mutual Mercantile Agency (D. C.) 111 Fed. 152, 153, which was determined in the District Court for the Southern District of New York, it is said:

"The admission of the bankruptcy of the corporation by the directors is apparently within their authority. It seems to be well established that the acts of directors in such particulars are sufficient to establish bankruptcy." Citing In re Marine Machine & Conveyor Co. (D. C.) 91 Fed. 630; In re T. L. Kelly Dry-Goods Co. (D. C.) 102 Fed. 747; In re Rollins Gold & Silver Min. Co., Id., 985; In re Peter Paul Book Co. (D. C.) 104 Fed. 786, 788—all cases cited by counsel at this hearing.

In the case of In re C. Moench & Sons Co., 130 Fed. 685, 66 C. C. A. 37, decided by the Court of Appeals, Second Circuit, appealed from the Western District of New York, the same doctrine is promulgated, The court, however, distinguishes the case of the Bates Machine Co., supra, by saying that:

"All that the court decided in that case was that, under the statutes of Massachusetts, the power to make such a written admission had not been granted to the board of directors, but could be exercised by that body only when authorized by a vote of the stockholders."

It was then further observed, in effect, that there is nothing in the bankruptcy act inhibiting a corporation from making a general assignment for the benefit of creditors, and that if it could commit such an act of bankruptcy (being the fourth specified) it could as well commit the fifth act. But it was explained that the old prohibition in the state (New York) against the making by a corporation of a general assignment for the benefit of creditors had been done away with, and that:

"It would also seem to be reasonable to hold that the power to make the admission in writing could be exercised by the same officers who have the power to make a general assignment, and, in the absence of statute or by-law regulating the subject, such power resides in the directors." Citing Rogers v. Pell, 154 N. Y. 527, 49 N. E. 75.

So in the case of Cresson & Clearfield Coal & Coke Co. v. Stauffer, 148 Fed. 981, 984, 78 C. C. A. 609, decided by the Court of Appeals, Third Circuit, the same doctrine is announced; but the court says:

"Though there is a general denial that this written admission of insolvency was authorized by a board of directors having general authority under the charter of the corporation to make such an admission, no serious contention was made in that regard."

Thus it leaves the inference that, if the board of directors was without such general authority, it would be powerless to make the requisite admission, and thus to subject the corporation to the condition of being adjudged a bankrupt.

Other authorities are cited by counsel, in addition to those alluded to above, supporting the general doctrine contended for. They consist, however, of the reports of referees in bankruptcy, and it is unnecessary to notice them further. It would seem, therefore, that the hold-

ing of the court in the Bates Machine Company Case has not been disturbed or overruled in any way; but, on the other hand, its authority is impliedly, if not directly, recognized.

Under the Oregon statute, after the first meeting of the stockholders and the election of directors, the powers vested in the corporation are to be exercised by such directors. Section 5060, B. & C. Comp. The powers thus accorded must be to conduct and carry out the business designated and specified in the articles of incorporation. The directors could have none other, unless specifically conferred. It is not an ordinary power pertaining to the board to dissolve the corporation, or to wind out its business; and the Legislature of the state has declared that the stockholders may do these acts. So that, under the statute, the directors are without any power whatsoever in the premises. If they cannot authorize dissolution and a winding out of the business of the corporation, it would seem to logically follow that they could not, in behalf of and as the act of the corporation, commit an act of bankruptcy which entails an entire disposition of the assets of the concern and a full settlement of all its past business transactions, unless by some authority of the stockholders, through appropriate by-laws or specific resolutions empowering them so to act. The Supreme Court of the state of Oregon, speaking through Mr. Justice Moore, has said:

"The statute having prescribed the source from which emanates the authority for winding up the affairs of a corporation and liquidating its debts, the origin thus provided is exclusive." Patterson v. Smelting Works, 35 Or. 96, 105, 56 Pac. 407.

And while it may be that bankruptcy proceedings do not work a statutory dissolution, they do, however, wind out the entire business of the corporation concerned and entail a disposition of all the property—a thing which the directors are without power to do without further authority from the stockholders. This authority the board did not have, so far as the record shows, in the case at bar.

I hold, therefore, that the Quartz Gold Mining Company has not committed the fifth act of bankruptcy specified in the bankruptcy act, and the court will adhere to its former ruling.