In re STERLINGWORTH RY. SUPPLY CO.

(District Court, E. D. Pennsylvania. November 4, 1908.)

No. 3,135.

BANKRUPTCY (§ 20*) — PROCEEDINGS AGAINST CORPORATION—EFFECT OF STATE RECEIVERSHIP.

A corporation may be adjudged an involuntary bankrupt, where the petition alleges sufficient grounds, notwithstanding the fact that a receiver was appointed for its property by a state court more than four months prior to the filing of the petition, who is still in possession.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 23; Dec. Dig. § 20.*

What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

In Bankruptcy. On motions for an adjudication and a restraining order.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Charles H. Edmunds, Samuel Scaville, and John Sparhawk, for petitioners.

F. W. Edgar, for receiver appointed by state court.

HOLLAND, District Judge. In this case a receiver had been appointed in the state court more than four months prior to the filing of an involuntary petition in bankruptcy. An order of court has been made directing the state receiver to sell the property which came into his possession as receiver of the bankrupt corporation. This sale is advertised for November 20, 1908. A petition of creditors has been presented and a motion made for an adjudication; also a petition for an injunction to restrain the state receiver from selling this property under the above-mentioned decree of the state court.

It is objected, upon the authority of Frazer v. Southern Loan & Trust Company, 99 Fed. 707, 40 C. C. A. 76, and Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, that, as the state receiver was appointed and took possession of the property more than four months prior to the presentation of the involuntary petition in bankruptcy, this court has no jurisdiction to either enter the adjudication or the restraining order. I am, however, convinced that the corporation, under the circumstances, can be adjudicated a bankrupt for the reasons set forth in the involuntary petition, and an order of adjudication is therefore entered, and the general creditors may present a petition to this court on Friday, November 6th, at 10 o'clock, for the appointment of a receiver.

As to whether or not the court has a right to issue an order restraining the state receiver from selling upon the ground that the general creditors will be irreparably damaged is a question which is not now decided.