## BELL v. BLESSING.

## In re PACIFIC MOTOR CAR CO.

(Circuit Court of Appeals, Ninth Circuit. August 23, 1915.)

No. 2488.

1. BANKRUPTCY ⬤→43—CORPORATIONS—VOLUNTARY PETITION IN BANKRUPTCY —AUTHORIZATION—SUFFICIENCY.

An authorization to a corporation to file its voluntary petition in bankruptcy, given by its board of directors, a member of which practically owned all the stock, is sufficient, notwithstanding Civ. Code Cal. § 361a, prohibiting any assignment of the business, franchise, and property of a corporation, unless with the consent of the stockholders thereof holding at least two-thirds of the stock.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 38; Dec. Dig. ⬤→43.]

2. BANKRUPTCY ⬤→43—VOLUNTARY PETITION IN BANKRUPTCY BY CORPORATION—STATUTES.

A corporation, not a municipal, railroad, insurance, or banking corporation, has, under Bankr. Act July 1, 1898, c. 541, § 4a, 30 Stat. 547 (Comp. St. 1913, § 9588), the same privilege of becoming a voluntary bankrupt as an individual, and its petition therefor need only show that it owes debts which it is unable to pay in full, and that it is willing to surrender its property for the benefit of its creditors; and a resolution of the board of directors, authorizing the filing of a voluntary petition, need not authorize, in conformity with section 3, subd. 5 (Comp. St. 1913, § 9587), an admission in writing on the part of the corporation of its inability to pay its debts and its willingness to be adjudged a bankrupt on that ground, and a resolution authorizing its cashier, treasurer, and bookkeeper to prosecute in the name of the corporation a petition in bankruptcy to final discharge is sufficient to authorize the corporation to proceed as a voluntary bankrupt to obtain its discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 38; Dec. Dig. ⬤→43.]

3. BANKRUPTCY ⬤→4—VOLUNTARY BANKRUPTCY—AVOIDING ATTACHMENTS— EFFECT.

The Bankruptcy Act recognizes the right of a bankrupt to make a voluntary assignment of his property to avoid attachments thereon, and thus secure an equal distribution of his property among all his creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 3, 4; Dec. Dig. ⬤→4.]

Petition for Revision of Proceedings of the District Court of the United States for the First Division of the Northern District of California, in Bankruptcy; M. T. Dooling, Judge.

In the matter of the Pacific Motor Car Company, bankrupt. Petition by Teresa Bell against Charles B. Blessing, as trustee in bankruptcy of the Pacific Motor Car Company, to vacate the adjudication of bankruptcy. From a judgment dismissing the petition, on sustaining a demurrer thereto, Teresa Bell petitions for revision. Affirmed.

On May 15, 1914, the Pacific Motor Car Company, a corporation, filed its voluntary petition in bankruptcy. It is alleged by the petition, among other things, that petitioner is not a municipal, railroad, insurance, or banking corporation; that its petition is filed pursuant to a resolution of the board of directors of said corporation at a meeting held the 12th of May, 1914; that

⬤→For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the corporation owes debts, which it is unable to pay in full; and that it is willing to surrender all its property for the benefit of its creditors, and desires to obtain the benefit of the acts of Congress relating to bankruptcy. Based upon the petition, the order of adjudication followed on May 20, 1914. On August 11, 1914, Teresa Bell filed in the bankruptcy court a petition praying a vacation of the adjudication and for general relief. The petition, among other things, sets forth a copy of the resolution of the board of directors of the bankrupt, and avers that the resolution was adopted at a special meeting of the board in pursuance of the written consent of three of such directors; that by an act of the Legislature of the state of California relating to insolvent debtors it is provided that no discharge shall be granted to any corporation from its debts; that one S. A. Moss is the owner of all the capital stock of the bankrupt; that he has permitted certain individuals, namely, W. G. Davis, John Ralph Wilson, W. L. Bradbury, and C. L. Hewes each to hold one share of such stock in order to qualify them to act as directors; that two of such individuals resigned as directors, and that after February 24, 1914, only the other two of them acted in that capacity; that after January 1, 1914, Moss conducted and carried on the business under the name of the bankrupt, during all of which time the persons holding but one share of the capital stock were in fact the agents and employés of Moss; that Moss is and has been at all times mentioned solvent and well able to pay all the debts contracted in the name of the bankrupt; that the bankrupt kept no by-laws nor journal of its meetings of directors, nor record of its business transactions, as required by the laws of California; and that said Moss, contriving and intending to defraud petitioner by having her attachment dissolved, caused the said proceeding in bankruptcy to be instituted. To this petition a demurrer was interposed, which was sustained, and the petition dismissed, and the order and judgment of the court in that regard are made the basis of review in this court.

T. Z. Blakeman, of San Francisco, Cal., for petitioner.

Heller, Powers & Ehrman and Reuben G. Hunt, all of San Francisco, Cal., for respondent.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge (after stating the facts as above). Three points are advanced against the regularity and legality of the adjudication:

(1) That the bankruptcy proceedings were not authorized by the requisite stockholders of the corporation.

(2) That the resolution of the board of directors does not meet the requirements of section 3, subd. 5, of the Bankruptcy Act.

(3) That S. A. Moss, being the owner of all the stock, and conducting the business of the corporation as his own, caused the proceedings in bankruptcy to be instituted to hinder, delay, and defraud the petitioner, by having her attachment dissolved.

[1] The first point is predicated upon a statute of California which inhibits any sale, assignment, transfer, or conveyance of the business, franchise, and property, as a whole, of any corporation of the state, unless with the consent of the stockholders thereof holding of record at least two-thirds of the issued capital stock of the concern. Section 361a, Civil Code of California. We think a sufficient answer thereto is that the law looks through mere form to the substance of things; and when it is disclosed, as it is by the petitioner's petition,

that S. A. Moss is practically the owner of the entire capital stock of the bankrupt corporation, and that authority was given by the board of directors, of which Moss is one, for making the assignment in bankruptcy, it would seem that a mere formal meeting of the stockholders, and a recording of their assent as such to the assignment, could add nothing to the authority given by the directors. In either event, the entire stock practically is represented through Moss, and whether he recorded his consent to the assignment as a stockholder or as a director could make no practical difference. We know that the holders of more than two-thirds of the capital stock have given their consent to the assignment, and this, for all practical purposes, is sufficient.

[2] The second point is based upon the idea that the resolution of the board of directors should have authorized, in strict conformity with section 3, subd. 5, an admission in writing on the part of the corporation bankrupt of its inability to pay its debts, and its willingness to be adjudged a bankrupt on that ground, as it is insisted that that is the only authority by statute for adjudication upon a voluntary petition. Section 4a of the Bankruptcy Act provides that:

"Any person, except a municipal, railroad, insurance or banking corporation, shall be entitled to the benefits of this act as a voluntary bankrupt."

This extends to a corporation of the kind of the present bankrupt the same privilege of becoming a voluntary bankrupt as to an individual, and there exists no good reason why it may not become such a bankrupt in the same way. It is only necessary for such a petitioner, praying adjudication, that he show that he owes debts which he is unable to pay in full, and that he is willing to surrender his property for the benefit of his creditors. Hughes, Fed. Procedure (2d Ed.) 99, 100. The allegation or admission is practically the same in either event, but the procedure is different. In the one case, the admission constitutes an act of bankruptcy, and the creditors, basing their petition upon the act, proceed as if the case were one of involuntary bankruptcy; while, in the other, the action is purely voluntary, and the bankrupt proceeds on his own motion and initiative. Now, the resolution of the board of directors clearly authorized the cashier, treasurer, and bookkeeper to prosecute in the name of the corporation a petition in bankruptcy to final discharge, which was amply sufficient to authorize the bankrupt to proceed as a voluntary bankrupt to obtain a discharge from its debts in the bankruptcy court. The second contention is therefore not maintainable.

[3] Answering the third point, it is only necessary to say that the Bankruptcy Act recognizes the right of the bankrupt to make a voluntary assignment of his property, with the purpose of avoiding attachments, and thereby securing an equal distribution of his property among all his creditors, and it cannot be predicated of such a proceeding that its purpose is to defraud the attaching creditors.

The order of the District Court in sustaining the demurrer and dismissing the petition for vacation of the adjudication will be affirmed.