### HARRIS v. MORELAND MOTOR TRUCK CO. et al.

(Circuit Court of Appeals, Ninth Circuit. March 27, 1922. Rehearing Denied May 8, 1922.)

#### No. 3759.

1. Sales ☞477(1)—Contract to operate buyer's business held not waiver of right of recaption.

A contract between the conditional seller of motor busses and the buyer whereby an officer of the seller undertook to operate the buyer's business to see if he could realize therefrom enough to complete the payments on the busses, after which he was to return the business to the buyer, did not constitute a sale of the business to the seller's officer, not a

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

waiver of the seller's right to retake the property on failure to realize the amounts necessary to pay for the busses.

**2. Trial ⬥➡149—Submission to jury not ground for reversal, in absence of motion for instructed verdict.**

The failure of plaintiff to ask for an instructed verdict is equivalent to an assumption by him that the issues were properly for the jury, and in that event the submission of the issues to the jury cannot be ground for reversal.

**3. Corporations ⬥➡398(3)—Consent of substantially all stockholders to contract is sufficient authorization.**

A contract on behalf of a corporation is not invalid because it was not authorized at a corporate meeting in the form of corporate resolution, where the owners of all of the stock of the corporation, except one or two shares, signed a written authorization of the contract, and there was nothing to show that the contract was a fraud on the corporation or any of the signers.

**4. Sales ⬥➡479(11)—Retaking under reserved title invalidates notes for price.**

Where the seller of motor busses retook possession of them under the title reserved, because of the default of the buyer, there was sufficient transfer of title in the seller, and the buyer's notes became valueless against the seller.

**5. Appeal and error ⬥➡907(4)—Judgment not held contrary to law, in absence of record containing all evidence and instructions.**

A judgment entered on a verdict cannot be reversed as contrary to law, where the record does not contain all of the evidence and the instructions, since the presumption is that the verdict was supported by the evidence and is in accord with the law.

In Error to the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Action at law by Charles L. Harris, as trustee in bankruptcy of the Davis Transit Company, against the Moreland Motor Truck Company and others. Judgment for defendants, and plaintiff brings error. Affirmed.

See, also, 279 Fed. 542.

Action by the trustee of the Davis Transit Company, a bankrupt corporation, formerly in the automobile stage business, against the Moreland Motor Truck Company, a corporation, and individual defendants, to recover $51,000. Verdict and judgment for the defendants below. It is charged that the Moreland Company, under a pretended contract with individuals, fraudulently took possession of all the property and franchise of the bankrupt company and converted the same to its own use, except a number of vehicles which it destroyed or sold, that the Davis Company had a number of motor vehicles under contracts of conditional sale, that the company owned shops and furniture and nine busses and a good will, including franchise and permit, and that it conducted a profitable business. Defendants denied all allegations of conversion and pleaded that the Davis Company made certain contracts with the Moreland Company for the purchase from the Moreland Company of certain automobiles and trucks, payments to be made as shown in the contracts, the title to remain in the Moreland Company until full purchase price was paid; that as additional security for six trucks sold the Davis Company made a chattel mortgage upon certain automobile busses to the Moreland Company; that after default in payments the Moreland Company notified the Davis Company that it would exercise its right under the contracts and retake possession of the trucks described therein; that in October, 1918, after such notification and after default the Davis Company authorized the defendant Scales to take possession of all the property known as the Davis Transit Company

⬥➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and to assume control and management thereof; that Scales did assume charge of the business of the Davis Company in accordance with the authorization and conducted it until in January, 1919, when on account of the heavy expense of operating the business was unable to meet expenses; that the automobiles were rapidly depreciating in value; that the Davis Company was unable to live up to the contract; that in December, 1918, with its consent possession of the trucks was taken by the Moreland Company; that in January, 1919, inventory was made and furnished the Davis Company; that the Moreland Company obtained permission from the state authorities to operate an automobile line between San Jose and Palo Alto, Cal.; and that the Davis Company never transferred any office furniture.

Mervyn R. Dowd and John E. Bennett, both of San Francisco, Cal., for plaintiff in error.

Bert Schlesinger, of San Francisco, Cal., and Foley & King, of San Jose, Cal. (S. C. Wright, of San Francisco, Cal., of counsel), for defendants in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). Plaintiff in error contends that the verdict was against the law, in that the jury did not apply the instructions to the evidence; the point urged being that no recaption of the trucks was had by the Moreland Company, but that it proceeded in another way to collect, by taking charge of the business, under a promise to conduct it and collect the amount owing to it from the proceeds, and then to turn back the business to the Davis Company. Although all the evidence is not included in the bill of exceptions, we gather these facts from the record:

The conditional sales contracts made between December, 1917, and October, 1918, contained a clause giving to the Moreland Company the right to retake the trucks agreed to be sold into its own possession, and that upon failure on the part of the Davis Company to pay any installment, or upon any default, all moneys theretofore paid on the purchase price should be forfeited, and all claims to damages were to be waived, and the moneys that had been paid before recaption were to be regarded as payment for use and possession of the trucks. The chattel mortgage given in April, 1918, provided that, if the mortgagor should fail to make any payment or fully live up to the conditional sales contracts, then the Moreland Company could claim a forfeiture and could at once proceed to foreclosure, or at its option, take possession of all the mortgaged property and sell it as provided by law. There was also a clause that the mortgage should become null and void if the mortgagee should exercise its right of recaption under the conditional sales contracts, or if the mortgagor fully complied with all the requirements of said contracts. On July 22, 1918, the Davis Company was in debt to the Moreland Company, and on September 13, 1918, owed on the conditional sales contracts upwards of $22,750; also, to unsecured creditors about $20,000. On that day the directors and stockholders of the Davis Company signed a paper authorizing Scales, one of the defendants in error, manager of the Moreland Company, to take possession of all the property belonging to the Davis Company and to assume exclusive control and manage-

ment, and to pay costs of operation and apply the balance toward the reduction of moneys due the Moreland Company, and upon full payment of the indebtedness to the Moreland Company restore possession to the Davis Company. The stockholders also agreed to deposit forthwith with Scales certificates representing their shares in the Davis Company, duly indorsed, pending the execution of the memorandum. All outstanding shares (except one or two) issued by the Davis Company were owned by Mrs. Davis, E. C. Davis, and C. B. Gillespie, all of whom, presumably in good faith, signed the memorandum referred to. After September, 1918, Scales ran the business, endeavoring to make it pay, all the time using ten of the motor trucks that had been acquired by the Davis Company under the conditional sales contracts with the Moreland Company. Scales testified that he ran the business honestly and as economically as practicable, but it was impossible to make money; that the agreement to run it was with a view of benefiting all; that none of the notes due the Moreland Company were liquidated.

[1] In behalf of the Davis Company the endeavor is to construe the writing which authorized Scales to take possession and run the business as a waiver of the right of recaption. But in our opinion the agreement was not necessarily a sale or waiver, but might well be regarded as one by which Scales was authorized to run the business for the specific purposes named. Scales called it "an experiment" had as a result of an understanding between the Davis Company and the Moreland Company, and testified that when he turned over the business to the Moreland Company in January, 1919, everything was accounted for to the Davis Company.

[2] The plaintiff in error assumed that the issues were properly for the jury, for it did not ask for a peremptory instruction for a verdict in its favor. In such event the submission of the issues of fact to the jury cannot be ground for reversal. Hartford Life Ins. Co. v. Unsell, 144 U. S. 439, 12 Sup. Ct. 671, 36 L. Ed. 496; Stanton v. Hample (C. C. A.) 272 Fed. 424.

[3] The fact that the agreement of September 13th does not appear to have been authorized at a corporate meeting or to have been in the form of a corporate resolution does not affect its validity. As already indicated, all of the stock. except one or two shares, having been in the ownership of persons who signed the authorization, the entire stock, practically, was represented, and there is nothing of substance to show that it was a fraud upon the rights of the Davis Company or any of the signers. Bell v. Blessing, 225 Fed. 750, 141 C. C. A. 34.

[4] Plaintiff in error also argues that nothing was done whereby title was transferred from the Davis Company to the Moreland Company. It is evident that the Moreland Company acted under the contract by retaking possession of the property because of the default of the Davis Company, and as the right to retake possession existed the notes given by the Davis Company have become valueless as against the Moreland Company. In re Robinson Machine Co. (D. C.) 268 Fed. 165; A. Leschen & Sons Rope Co. v. Mayflower Co., 173 Fed. 855, 97 C. C. A. 465, 35 L. R. A. (N. S.) 1.

[5] The presumption being that the verdict was supported by the

evidence and is in accord with the law, this court, in the absence of all the evidence and instructions, cannot say that the judgment is contrary to the law. Plaintiff in error having failed to show any prejudice to its rights, the judgment must stand.

Affirmed.