### In re CRYSTAL ICE & FUEL CO.

(District Court, D. Montana. October 5, 1922.)

No. 2835.

1. **Bankruptcy ⬤⟿60—Receivership not "act of bankruptcy" unless for "Insolvency"; "salable value."**

A receivership because of insolvency is not an act of bankruptcy unless it is insolvency as defined in Bankruptcy Act, § 1, par. 15 (Comp. St. § 9585), viz. that condition of a person wherein "the aggregate of his property * * * shall not, at a fair valuation, be sufficient in amount to pay his debts," and that the "salable value" of the corporation's property is exceeded by its debts is not enough; for "salable value" and fair valuation are not synonymous.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Act of Bankruptcy; Fair Value; Insolvency—Insolvent; Value.]

2. **Evidence ⬤⟿450(2)—Evidence of value of property and amount of debts admissible to show whether receivership was based on insolvency as defined by bankruptcy act.**

In proceedings in involuntary bankruptcy against a corporation, based on its alleged receivership because of insolvency as an act of bankruptcy, where the record is ambiguous in respect to the character of the insolvency because of which the receiver was appointed, whether it was the insolvency defined by Bankruptcy Act, § 1, par. 15 (Comp. St. § 9585), or otherwise, evidence of value of the corporation's property and the amount of its debts is admissible to clarify, but not to contradict, the record in the receivership proceedings.

3. **Judgment ⬤⟿828(1)—Receivership record in state court showing insolvency as defined by Bankruptcy Act is conclusive.**

In involuntary bankruptcy proceedings against a corporation, if the record of receivership of the corporation in a state court discloses that receivership was ordered because of the corporation's insolvency as defined by Bankruptcy Act, § 1, par. 15 (Comp. St. § 9585), such record is final and conclusive.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Bankruptcy ⬀63—Corporation's admission of inability to pay debts and willingness to be adjudged bankrupt cannot be by directors.**

    Directors of a corporation, given by the statutes of the state of incorporation full powers "in relation to the disposition of property or the conduct of business," *held* not authorized to admit in writing the corporation's inability to pay its debts and willingness to be adjudged bankrupt; such power lying exclusively with the stockholders.

    In Bankruptcy. In the matter of the Crystal Ice & Fuel Company, alleged involuntary bankrupt. Proceedings dismissed.

    M. J. Lamb and H. C. Crippen, both of Billings, Mont., for petitioning creditors.

    Collins & Wood and Johnston, Coleman & Johnston, all of Billings, Mont., for answering creditors in resistance.

    BOURQUIN, District Judge. Certain general creditors instituted involuntary bankruptcy proceedings upon allegations (1) of insolvency, (2) because thereof a receiver put in charge of the company's property, and (3) the company's admission in writing of inability to pay its debts and willingness to be adjudged a bankrupt on that ground. Another general creditor in resistance filed an answer of denials.

    In respect to the receivership it appears from the evidence that yet another general creditor instituted proceedings in that behalf for the benefit of all creditors, in a court of this state, upon allegations that all the company's property then was subject to a trust deed securing a bond issue of $40,000; that from the beginning some 15 months theretofore there was default in payment of interest upon these bonds, and the trust deed was ripe for foreclosure; that in 1921 the company failed to pay its taxes, and portions of its property were sold to make them and were unredeemed; that the debts of the company exceeded $70,000, and judgments for more than $10,000 thereof existed against it, constituting secondary liens upon its property; that to make one of said judgments, the sheriff was in possession of and operating the property and business of the company, was selling portions of the property, and the company had abandoned property and business; that by reason of the premises levy on and sale of the property were impracticable, and the general creditors would unlikely be paid other than by conserving property and business as a going concern, by a receivership, appropriating probable surplus earnings to that end; "that the aggregate amount due from the said above-named defendant to the plaintiff herein and to the various other creditors of the said defendant exceeds the salable value of the property of every kind and description owned by the said defendant, and largely exceeds the sum for which such property would sell under execution and that the said defendant is now, and for long prior hereto has been, wholly insolvent."

    The relief sought was a receivership of usual powers, but more suggestive of operation than of winding up business. The order of appointment of the receiver recites due service, appearance by the company through its president, no answer, and no resistance.

    It proceeds that, "it appearing to the court that each, all, and every

---

of the allegations in plaintiff's complaint contained are true, and the court having so found, and the law and the facts being by the court fully understood and considered," the receiver is appointed to possess, operate, collect, and "pay over and distribute the moneys, assets, and property of the said company to its creditors in the manner and in such proportions as shall be by this court hereafter ordered."

[1] It also appears by rather general, but undisputed, evidence that at the time of appointment of the receiver the aggregate of the company's property at a fair valuation was $102,000 and the amount of its debts was $79,000. Whether or not this latter evidence was presented to the court at the hearing in the receivership does not appear, so at the least it is presumed that nothing contrary to this proven condition of the company was presented. A receivership because of insolvency is not an act of bankruptcy unless it is insolvency as defined in paragraph 15, § 1, of the Bankruptcy Act (Comp. St. § 9585), viz. that condition of a person wherein "the aggregate of his property * .* * shall not, at a fair valuation, be sufficient in amount to pay his debts." In re Butte Duluth Mining Co. (D. C.) 227 Fed. 335.

Congress necessarily, perhaps, adopted a definition of insolvency and the popular one in exclusion of those variant of the different states, in exercise of its constitutional power to "establish uniform laws on the subject of bankruptcies throughout the United States."

"The law has made its definition of insolvency, whatever the effect may be, and has determined by that definition consequences not only to the debtor but to his creditors." Pirie v. Trust Co., 182 U. S. 451, 21 Sup. Ct. 906, 45 L. Ed. 1171.

Whether or not other insolvencies and receiverships because of them ought to be within the statute, since the statute does not include them, the courts with propriety cannot do so by strained construction. Omissions are to be supplied only by Congress in its discretion. See Pirie v. Trust Co., supra, and its citations.

Insolvent corporations may be put in receiverships for winding up for other causes than insolvency within the meaning of the Bankruptcy Act, and therein no act of bankruptcy be committed. That does not operate to defeat the Bankruptcy Act, to injure creditors, or to avoid federal jurisdiction. It merely presents situations that Congress has not seen fit to include in said act—that is, casus omissus.

Taking into consideration the record of the receivership proceedings illuminated by the evidence of the fair valuation of the company's property and of the amount of its debts, the burden upon the petitioning creditors to establish that the receiver was appointed because of insolvency within the meaning of the Bankruptcy Act has not been sustained.

The record alone indicates that, though the debts exceeded the "salable value," of the property, this was due to the character of the property and as a going concern, to the trust deed, liens, seizure, neglect, and the aggregation of their embarrassing circumstances disabling the company from operation and payment, rather than due to debts exceeding the fair valuation of the property. Salable value and fair valuation are not synonymous, and the conclusion "wholly insolvent" be-

283 F.—64

cause of the fact that the "salable value" of the company's property was less than its debts may be and is proven to be not at all the insolvency of the Bankruptcy Act, viz. insufficiency of its property at fair valuation to pay its debts.

"At times a debtor's property, though amply sufficient in value to discharge all his obligations, may not be convertible without sacrifice into that form by which payments may be made. The law regards that possibility. In this there is indulgence to the debtor." Pirie v. Trust Co., supra; In re Butte Duluth Mining Co., supra.

That is, although his property be not presently salable for enough to pay his debts, its fair valuation may be more than enough; and if so, he is not insolvent nor subject to bankruptcy for insolvency.

[2] The evidence of value and of debts is admissible in that the record is indefinite or ambiguous in respect to the character of the insolvency because of which the receiver was appointed, and extrinsic evidence to clarify, but not to contradict, it, consistent with it, is of necessary resort as it is in respect to any like judgment.

[3] If the record of the receivership disclosed the latter was because of the insolvency of the Bankruptcy Act, it would be final and conclusive (see by analogy West Co. v. Lea, 174 U. S. 594, 19 Sup. Ct. 836, 43 L. Ed. 1098), and no issue could be raised in respect to insolvency then or thereafter, save in so far as strangers to the record may collaterally impeach it.

[4] In respect to the company's admission in writing of inability to pay its debts and willingness to be adjudged a bankrupt on that ground, it appears that the admission was by the board of directors and unauthorized by the stockholders. All objections based on by-laws, nonelection, and notice may be disposed of by the fact that the directors are at least de facto, and acted at a meeting of two, the third being beyond reach of any timely and so unnecessary notice.

This is not enough, however. It is settled law in this circuit that in view of statutes like those of this state of the company's incorporation, the power to express this willingness is, with the stockholders, and not with the directors. See In re Quartz Gold Mining Co. (D. C.) 157 Fed. 243, affirmed in Van Eamon v. Veal, 158 Fed. 1022, 85 C. C. A. 547; Bell v. Blessing, 225 Fed. 750, 141 C. C. A. 34; Rudebeck v. Sanderson, 227 Fed. 575, 142 C. C. A. 207. The state law limits the powers of a corporation to those expressed and incidentally necessary, to be exercised by a board of directors, and provides that the latter may sell, lease, mortgage, exchange, or otherwise dispose of any or all corporate property when authorized by stockholders, though this not "deemed to limit or restrict the powers of the board * * * in relation to the disposition of property or the conduct of business," and that a corporation can assign for the benefit of creditors, but subject to the restrictions imposed by law upon assignments by corporations, apparently those restrictions aforesaid upon sale, etc., only with consent of stockholders.

The reasoning and conclusions denying to directors this power of admission and willingness in respect to bankruptcy have been disap-

proved by courts holding otherwise. See In re De Camp, etc., Co. (C. C. A.) 272 Fed. 558.

It is true the directors have plenary power to commit some acts of bankruptcy, but it is to be noted that in none of them save this denied do the directors intend bankruptcy. In all save this the directors are serving some corporate purpose, and bankruptcy may or may not follow and only as an unintended consequence. In this the directors serve no corporate purpose, and bankruptcy is the only and intended object. Hence good reason to withhold plenary power to commit the latter, though not withheld in respect to the former.

The proceedings are dismissed.