## GENERAL S. S. CORPORATION v. ASTORIA OVERSEAS CORPORATION et al.

(Circuit Court of Appeals, Ninth Circuit. January 7, 1924. Rehearing Denied February 11, 1924.)

### No. 4068.

1. **Corporations ⬅550(3)—Unauthorized general assignment by directors may be validated by subsequent action of stockholders.**

    While under Olsen's Or. Laws, § 6877, directors of a corporation are without power to make a valid general assignment, unless authorized by the stockholders by some appropriate action, an assignment made by the directors may be validated by a subsequent pleading filed by all the stockholders, in which they assent to and plead its validity.

2. **Corporations ⬅550(3)—Ratification of unauthorized general assignment cannot relate back to displace rights of creditors.**

    A ratification by stockholders of an unauthorized general assignment made by directors of a corporation cannot relate back to the making of the assignment to affect rights of creditors, which have accrued before the time of the ratification.

3. **Corporations ⬅550(7)—General assignment carries unpaid stock subscriptions.**

    A general assignment by a corporation passes the unpaid stock subscriptions, and gives to the assignee the right to enforce payment of balances due the company by shareholders.

Appeal from the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Suit in equity by the General Steamship Corporation against the Astoria Overseas Corporation and others. Decree for defendants, and complainant appeals. Modified and affirmed.

This appeal grows out of a suit brought by the General Steamship Company against the Astoria Overseas Corporation and its individual stockholders to compel the stockholders to contribute the amount due upon their respective unpaid stock subscriptions toward the satisfaction of a judgment held by the Steamship Company against the Overseas Corporation. In September, 1922, a judgment for $4,206.64 and interest was entered in the state court in favor of A. M. Gillespie, Inc., against the General Steamship Company and the Overseas Corporation, and in due course the Steamship Company was obliged to pay the judgment to release an execution levy. Defendants alleged that in July, 1921, prior to the entry of the judgment, the Overseas Corporation pledged its then unpaid stock subscriptions to the Astoria National Bank to secure a loan of $5,000; that in June, 1922, the Overseas Corporation "ceased to function," and placed all of its assets, the unpaid stock subscriptions, in the hands of Setters, a trustee, for the purposes of liquidation of its debts, and that the trustee in turn thereafter placed all of the said assets in the hands of the bank at Astoria, to be held in trust for the benefit of the creditors of the Overseas Corporation, and that the Overseas Corporation is insolvent, in that some of its stockholders are insolvent. It was admitted that the unpaid stock subscriptions amounted to more than $24,000, and that the total liabilities of the Overseas Corporation were $8,000. After a hearing the lower court dismissed the complaint, and gave judgment for costs to the defendants. In the opinion of the judge, the transfer or pledge by the board of directors to the Astoria Bank was valid, because the stockholders by answer herein consented to such transfer. It was also held that the transfer of the assets to a trustee for the benefit of creditors was valid, in that it was ratified and approved by the parties to the present suit.

Ira S. Lillick, of San Francisco, Cal., and Platt & Platt, Montgomery & Fales, of Portland, Or., for appellant.

O. B. Setters, of Astoria, Or., for appellees.

Before HUNT and RUDKIN, Circuit Judges, and BOURQUIN, District Judge.

HUNT, Circuit Judge (after stating the facts as above). Appellant has dwelt upon the contention that the pledge of the unpaid subscriptions made by the board of directors of the Overseas Corporation in July, 1921, was wholly void, upon the ground that, discretionary power being vested in the directors to make calls, and no authority appearing to have been given by the charter or Oregon statutes to do so, the corporation had no power to pledge or assign the unpaid and uncalled for subscriptions, and that the stockholders by appearance in this litigation could not ratify the act of the directors, at least to the disadvantage of the appellant. But we do not find decision upon that point necessary to the case.

[1] In conformity with the prior decision of this court in Van Emon v. Veal, 158 Fed. 1022, 85 C. C. A. 547, which adopted the opinion of Judge Wolverton in Re Quartz Gold Mining Co. (D. C.) 157 Fed. 243, construing the Oregon statutes (section 5070, Mis. Laws Oregon, B. & C. Comp., as amended by Session Laws 1903, p. 41, § 3, section 6877, Olsen's Oregon Laws), the directors of the Overseas Corporation were without power to make a valid general assignment for the benefit of creditors, "unless by some authority of the stockholders,

through appropriate by-laws or specific resolutions empowering them so to act." It must therefore follow that, as against creditors, the general assignment of June, 1922, was ineffectual, because made without the consent of holders of two-thirds of the issued capital stock. But while the Oregon statute cited contemplates that the necessary consent of the stockholders must be expressed at a regular or special meeting of the stockholders, called for that purpose, we do not regard its provisions as excluding consent to an assignment made by directors, where, as here, the stockholders in good faith have recorded their assent by filing an answer pleading the general assignment as valid.

[2] Such is the view of this court in Bell v. Blessing, 225 Fed. 750, 141 C. C. A. 34, construing section 361 of the Civil Code of California. Thus all the stockholders, by appearing in the present litigation and pleading the assignment, have given their consent and this is sufficient to validate the assignment. However, the consent should not relate back to the date of the making of the assignment by the directors, so as to postpone rights of creditors whose rights attached before the date of the record of consent, which in the present case appears to be the time of the appearance in this suit. Norton v. Alabama Bank, 102 Ala. 420, 14 South. 872; Wood v. McCain, 7 Ala. 800, 42 Am. Dec. 612.

[3] It is well established that a general assignment by a corporation passes the unpaid stock subscriptions, and gives to the assignee the right to enforce the payment of balances due to the company by shareholders. 10 Cyc. p. 1238; Chamberlain v. Bromberg, 83 Ala. 576, 3 South. 434; Eppright v. Nickerson, 78 Mo. 482; Terry v. Anderson, 95 U. S. 628, 24 L. Ed. 365; 2 R. C. L. 709. In Lionberger v. Broadway Savings Bank, 10 Mo. App. 499, the directors of a bank assigned all of its property for the benefit of its creditors, and at the time of the assignment there were amounts remaining unpaid by stockholders who had subscribed to the capital stock of the bank. The court held that, while in England it had been held that no assignment could be made of uncalled subscriptions by the corporation, for the benefit of particular transactions of the corporation with its creditors, the better rule is that such unpaid subscriptions not called in are assignable in a general assignment, and that equity has jurisdiction to entertain a bill by the assignee, acting on behalf of all the creditors, to recover unpaid subscriptions. Germantown Passenger Ry. Co. v. Fitler, 60 Pa. 124, 100 Am. Dec. 546. It was said in Hatch v. Dana, 101 U. S. 205, 25 L. Ed. 885:

"After all, a company call is but a step in the process of collection, and a court of equity may pursue its own mode of collection, so that no injustice is done to the debtor."

Appellant in its complaint entirely ignores the general assignment. The prayer asks decree directing defendant stockholders to pay into the treasury of the corporation the amount of unpaid balance on their stock subscriptions, and for application of enough to cover the judgment which appellant paid, for injunction, that a receiver be appointed to collect the unpaid subscriptions, and for general relief. We are of the opinion that the general assignment operated after the appearance

of the stockholders herein to vest the legal title in the assignee for the benefit of creditors, and was sufficient to take the assets of the company out of the custody and possession of the corporation, and that appellant has stated no ground for relief as prayed for against the defendants, or any of them. The duty of the assignee was to proceed to enforce the liabilities of the subscribing stockholders. It would appear that he failed to do his duty and endeavored to turn over the assets to the Astoria Bank, which was already in possession of the unpaid subscription list. This may be sufficient reason for application for appointment of a receiver.

The decree of dismissal of the complaint by the District Court was correct, but it should have been made without prejudice to the right of the plaintiff to bring such suit as may enable it to share in the distribution of the assigned estate, and to test the question of any rights it may have acquired respecting the debts owing by the defendants previous to ratification.

As so modified, the decree of dismissal is affirmed. So ordered.