## In re PACIFIC ALLOY & STEEL CO.

## GREAT WESTERN POWER CO. OF CALIFORNIA v. BERNARD.

(Circuit Court of Appeals, Ninth Circuit. June 27, 1924. Rehearing Denied August 4, 1924.)

No. 4235.

I. **Bankruptcy ⬥⟿43—State statute cannot prevent corporation from becoming voluntary bankrupt.**

St. Cal. 1917, p. 377, § 11, suspending the powers of a corporation for default in payment of a state license tax, until the tax and penalties shall be paid, cannot prevent the corporation from availing itself of the right given it by the Bankruptcy Act (Comp. St. §§ 9585–9656) to become a voluntary bankrupt.

2. **Bankruptcy ⬥⟿43—State statute not to be construed as intended to interfere with operation of Bankruptcy Act.**

No intention will be attributed to a state statute to interfere with that measure of protection accorded to creditors by the bankruptcy laws of the United States.

Petition to Revise in a Matter of Law an Order of the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge and George M. Bourquin, Judges.

In the matter of the Pacific Alloy & Steel Company, bankrupt; Milton Bernard, trustee. On petition by the Great Western Power Company of California to revise an order denying its motion to vacate adjudication. Affirmed.

Guy C. Earl, W. H. Spaulding, and Chaffee E. Hall, all of San Francisco, Cal., for petitioner.

Alexander Sheriffs, of San Francisco, Cal., for respondent.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. In July, 1922, in the state court, the Great Western Power Company of California attached certain property of the Pacific Alloy & Steel Company, a California corporation. Thereafter the Pacific Alloy & Steel Company filed a voluntary petition in bankruptcy, and in September, 1923, was adjudged a bankrupt by the United States District Court.

[1] On January 1, 1921, the corporation was indebted to the state of California for annual license tax due under chapter 215, § 11, of the Laws of California of 1917, which provides as follows:

"After six o'clock p. m. of the Saturday preceding the first Monday in March in any year the corporate rights, privileges and powers of every domestic corporation which has failed to pay the tax and money penalty for nonpayment thereof imposed by this act shall, from and after said hour of said day, be suspended, and incapable of being exercised for any purpose or in any manner, except to execute and deliver deeds to real property in pursuance of contracts therefor made prior to such time, and to defend in court any action brought against such corporation, until said tax with all accrued penalties, taxes and charges due to the state under this act * * * are paid as hereinafter provided. * * * After said hour of said day and until such taxes, penalties and charges are paid, every person who attempts or purports to exercise any of the rights, privileges or powers of any delinquent

domestic corporation except as permitted by this act, * * * shall be guilty of a misdemeanor. * * * Every contract made in violation of this section is hereby declared to be void."

Founding a motion upon this statute, the Great Western Power Company moved to vacate the adjudication and dismiss the voluntary petition, and contended that the United States District Court was without jurisdiction. The motion was denied and revision is sought.

The petition for adjudication was regular in form and alleged that the board of directors at a meeting formally resolved (copy of resolution attached) that the corporation was unable to pay its debts and that it should make and file a petition in voluntary bankruptcy, and that it was willing to surrender all of its property for the benefit of its creditors. Bell v. Blessing, 225 Fed. 750, 141 C. C. A. 34.

By failure to pay its taxes the insolvent corporation did not forfeit its charter. . Though it was shorn of certain rights under the laws of the state, it was still a corporation (Ransome-Crummey Co. v. Superior Court, 188 Cal. 393, 205 Pac. 446), capable of having its rights and powers revived by payment of taxes and charges due the state. But the matter of imposition of a kind of penalty upon a corporation for noncompliance with the terms of the state statute cannot prevent the corporation from availing itself of a right given to it under the bankruptcy laws of the United States (Comp. St. §§ 9585–9656).

[2] In matters relating to bankruptcy the power of Congress is paramount (Taubel-Scott-Kitzmiller Co. v. Fox, 44 Sup. Ct. 396, 68 L. Ed. ——, decided Apr. 7, 1924), and no intention will be attributed to the California statute to interfere with that measure of protection accorded to creditors by the bankruptcy laws of the United States. We therefore hold that the jurisdiction of the federal court was properly invoked, and that the decision was correct. Collier on Bankruptcy, p. 197; section 4, Bankruptcy Act (Comp. St. § 9588) Loveland on Bankruptcy, 151; Black on Bankruptcy, § 133; In re Watts and Sachs, 190 U. S. 1, 23 Sup. Ct. 718, 47 L. Ed. 933; Boyd v. Hankinson, 92 Fed. 49, 34 C. C. A. 197; Scheuer v. Smith & Mont., etc., Co., 112 Fed. 407, 50 C. C. A. 312; In re Munger Vehicle Tire Co., 159 Fed. 902, 87 C. C. A. 81.

Affirmed.