**Petition of EVANS et al.**

**In re SECURITY SAVINGS & LOAN ASS'N.**

**No. 442.**

District Court, D. Nevada.
Oct. 14, 1931.

Wayne T. Wilson, of Reno, Nev., for petitioners.

Gray Mashburn, Atty. Gen. of Nevada, James Greenwood, Atty. Gen. of Wyoming, and Harwood & Diskin, of Reno, Nev., for respondent.

NORCROSS, District Judge.

To the petition and amended petition of certain unsecured creditors of the Security Savings & Loan Association praying that said corporation be adjudged an involuntary bankrupt, a motion to dismiss is interposed upon the part of said alleged bankrupt corporation by and through E. J. Seaborn, as state bank examiner of the state of Nevada and as "statutory receiver" of said corporation under the laws of said state, in which motion certain unsecured creditors have also joined.

The principal question presented upon the hearing of the motion concerns the following allegation contained in the amended petition: "That at a special meeting of the board of directors of the Security Savings and Loan Association, held in the City of San Francisco, State of California, on the 14th day of July, 1931, * * * the said directors did * * * admit in writing the inability of said Security Savings and Loan Association to pay its debts and that said directors did at said time and place express in writing their willingness that said Security Savings and Loan Association be adjudged a bankrupt."

The resolution referred to as it appears in the exhibit made a part of the petition reads: "Resolved, by the Board of Directors of Security Savings and Loan Association that said corporation is unable to pay its debts and is willing to be adjudged a bankrupt on that ground."

It is conceded that the corporation in question was organized under the Nevada Corporation Act of 1903. Under the provisions of that act a board of directors is without power to dissolve the corporation or to dispose of all of its assets without the approval of the stockholders. Comp. Laws 1929, §§ 1781, 1788.

In Van Emon et al. v. Veal, 158 F. 1022, the Circuit Court of Appeals of this circuit adopted the opinion of Judge Wolverton in Re Quartz Gold Mining Co. (D. C.) 157 F. 243, in constructing the statutes of Oregon as making ineffectual a similar resolution adopted by the board of directors unless ratified by the stockholders. A similar ruling was made by Judge Bourquin in construing the statutes of Montana. In re Crystal Ice & Fuel Co. (D. C.) 283 F. 1007. While the Circuit Court of Appeals in dealing with a similar question in relation to the statutes of the state of Washington, in Rudebeck v. Sanderson, 227 F. 575, held that such a resolution did not require the approval of the stockholders, under the laws of that state, the court in so holding pointed out the distinction in the laws of the two states and did not change or modify the rule applied in the Van Emon Case. The statutes of Nevada are similar to those of Oregon and Montana, and under the ruling in the latter case the resolution of the board of directors was ineffectual.

The amended petition further alleges: "That the said E. J. Seaborn did on or about the 10th day of July, 1931, file a petition in the District Court of the State of Nevada in which he alleged that the said Security Savings and Loan Association was insolvent and unable to meet its current obligations and therein did pray that he be appointed receiver of the said Security Savings and Loan Association."

It is also alleged in the petition that the corporation has been insolvent ever since the 7th day of March, 1931, on which date it permitted E. J. Seaborn, the state bank examiner, to take over said company on a trusteeship, since which date said bank examiner has been in charge of all the company's property as trustee.

The Bankruptcy Act, § 3a, as amended May 27, 1926, § 3, 11 USCA § 21 (a) (5), in defining acts of bankruptcy in subdivision (5), among other acts, specifies, "while insolvent, a receiver or a trustee has been appointed, or put in charge of his property."

As the petition for adjudication in bank-

ruptcy was not filed until July 15, 1931, it is contended that the action of the state bank examiner having been taken pursuant to the laws of the state more than four months prior to the filing of the petition, it cannot in any event be relied upon as an act of bankruptcy. Whether the taking over of the corporation by the state bank examiner, under authority conferred or claimed to be conferred by statute, would in effect be putting the property in charge of a trustee even though the corporation made no opposition, is a question which has not been argued and will not now be considered.

It was stated at the time the motion was presented that the state bank examiner had been appointed receiver by the state court. If that be the fact and it be a ground relied upon, it should be alleged in the petition.

As contended by counsel for petitioners, it is well-settled law that the appointment of a receiver for a corporation by a state court does not affect the jurisdiction of a federal court in bankruptcy proceedings. Bank of Andrews v. Gudger (C. C. A.) 212 F. 49; In re Sterlingworth Ry. Supply Co. (D. C.) 164 F. 591; In re Moench & Sons (C. C. A.) 130 F. 685.

The motion to dismiss is granted, subject to permission to file a further amended petition within ten days.